IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OCTAVIUS LAMONT JOHNSON,
    Plaintiff,

vs.                                      Case No.:  5:07cv102/RS/EMT

OFFICER FRED VANBUREN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 8).  Leave to proceed in forma pauperis has been granted (Doc. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21,

2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff names one Defendant in this action: Officer Fred Vanburen, a Correctional Officer at Calhoun Correctional Institution (Doc. 8 at 1, 2). Plaintiff claims that Defendant violated his constitutional rights by falsifying disciplinary reports during a hearing in March 2007 (*see id.* at 5–6, 7). Plaintiff also states that he was improperly sentenced to disciplinary confinement in violation of his rights (*id.*). For relief, Plaintiff seeks an order dismissing the disciplinary complaint (*id.* at 7).

Plaintiff has failed to state a due process violation. The Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), held that to satisfy due process concerning disciplinary proceedings involving the potential loss of gain time, the inmate must receive: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.*, 418 U.S. at 564–66, 94 S. Ct. at 2979. In a subsequent case, the Supreme Court addressed the quantum of evidence necessary to support the factfinder's decision. In Superintendent v. Hill, 472 U.S. 445, 455–56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), the Court held: "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.*, 472 U.S. at 454, 105 S.Ct. at 2773 (citation omitted). The court further explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S. Ct. 302, 304, 71 L. Ed. 560 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary

Case 5:07-cv-00102-RS-EMT   Document 10   Filed 07/03/07   Page 3 of 4

Page 3 of  4

board.  *See ibid*.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133–134, 44 S. Ct. 260, 260– 261, 68 L. Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

Hill, 472 U.S. at 455–56, 105 S. Ct. at 2774.

In the instant case, Plaintiff does not allege he was deprived of any of the procedural safeguards set forth in Wolff.  Furthermore, his own allegations (namely, that he was found guilty "base[d] only on [Defendant's] statement" (*se*e Doc. 8 at 6)) support the conclusion that there was sufficient evidence to support the disciplinary decision.  *See* Hill, 472 U.S. at 456, 105 S. Ct. at 2774 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (prisoner failed to show that he was denied due process in disciplinary proceeding; statements in prison official's written disciplinary report constituted "some evidence" to support conclusion that inmate committed violation; although official did not witness the violation and victim's statements included in the report might be considered inadmissible hearsay at a criminal trial, full panoply of rights due a defendant in a criminal trial did not apply to prison disciplinary proceeding); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence").  Therefore, Plaintiff's due process claim should be dismissed.

Additionally, Plaintiff's conclusory allegation that Defendant Vanburen falsified disciplinary charges is insufficient to state an Eighth Amendment claim.  The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986), *cert. denied*, 485 U.S. 982, 108 S. Ct. 1273, 99 L. Ed. 2d 484 (1988).  This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies.  Freeman, 808 F.2d at 952; *see also* Wolff, 418 U.S. 539, 94 S. Ct. 2963.  In the instant case, Plaintiff has failed to state a due process claim, as discussed *supra*.  Furthermore, he does not allege the deprivation of any other constitutional right apart from, or in conjunction with, his placement in administrative and disciplinary confinement.

Therefore, to the extent Plaintiff raises an Eighth Amendment claim, the claim should also be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 3rd day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**